AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
для the
District of New Mexico ▼

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 12 2020

MITCHELL R. ELFERS
CLERK

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
BRANDON JAMES SANCHEZ
(BORN IN 1993)

Case No. 20-mr-1671

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
The person of BRANDON JAMES SANCHEZ (born in 1993), who is currently in the custody of the United States Marshal at the Cibola County Detention Cneter, within the District of New Mexico

located in the _____ District of _____ New Mexico _____ , there is now concealed *(identify the person or describe the property to be seized)*:

The FBI will collect a DNA sample from BRANDON JAMES SANCHEZ via buccal swab.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | felon in possession of a firearm and ammunition |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Benjamin Lankasky, FBI Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephonically _____ *(specify reliable electronic means)*.

Date: 11/12/2020

City and state: ALBUQUERQUE, NEW MEXICO

*Judge's signature*

Steven C. Yarbrough, US Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

### Introduction and Officer Background

1. I, Benjamin Lankasky, being first duly sworn, make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the body of the Defendant, BRANDON JAMES SANCHEZ, to collect Deoxyribonucleic Acid (DNA) samples by way of a buccal swabs. I believe SANCHEZ' DNA may be present on three firearms seized from his residence on November 5th, 2020. SANCHEZ is currently in the custody of the United States Marshal's Service awaiting hearing on a federal probation violation.

2. I am a Detective with the Valencia County Sheriff's Office and have been a sworn law enforcement officer for 5 years and 8 months, serving as a deputy, detective, and task force officer. I have been with the Valencia County Sheriff's Office since 2016 and am currently assigned to the Criminal Investigations Division and as a task force officer on the FBI Violent Crime Task Force (VCTF), where I primarily investigate violent repeat offenders and federal drug and firearm related crimes.

3. Because this affidavit is submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to support a search warrant to collect the Defendant's DNA.

### FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE

4. On November 5th, 2020, at about 0700 hours, I accompanied members of the US Probation and Parole Office to 204 Loma Verde, Belen, New Mexico. while they conducted a house visit on a BRANDON JAMES SANCHEZ (SANCHEZ). SANCHEZ was being supervised by US Probation, and officers from that agency requested that I accompany them to this address to assist with outside security of the property while they conducted their home visit.

5. Shortly after the visit began, I was informed by a USPO that a firearm had been located in the bedroom being lived in by SANCHEZ.

6. The US Probation Officer Jeffrey Tanny recovered the pistol, which was a Smith & Wesson model M&P 40 caliber pistol, with serial number HBA6114. The firearm was loaded with thirteen(13) 40 caliber cartridges.

7. Officer Tanny described the location of the pistol as being underneath a pillow at the head of the bed being used by SANCHEZ.

8. Inside this same bedroom a small black bag was located with a small quantity of suspected heroin and a hypodermic needle loaded with a brown liquid substance consistent with heroin having been prepared for introduction into the body via injection.

9. After being read his Miranda rights, SANCHEZ denied knowing the pistol was under his pillow and claimed it belonged to his brother. He did, however, confirm that the heroin recovered in the same bedroom was his and that he had been using the narcotic for the past one and a half months.

10. I examined and conducted a test fire of the Smith & Wesson model M&P 40 caliber pistol, with serial number HBA6114, and believe it meets the federal definition of a "firearm."

11. On November 7th, 2020, S.S., the brother of SANCHEZ, contacted Deputy Miles Salmons of the Valencia County Sheriff's Office and explained that he (S.S.) was the owner of the firearm, a Smith and Wesson M&P, which SANCHEZ was found to be in possession of the day of his arrest. S.S. further stated to Deputy Salmons that he was aware of his brother, SANCHEZ, was precluded from being in possession of a firearm and, therefore, had placed all of his firearms together and put them away. S.S. at no time gave permission for SANCHEZ to be in possession of any of his (S.S.'s) firearms. S.S. was able to prove ownership of the firearm to the satisfaction of Deputy Salmons and the firearm was entered into the National Crime Information Center (NCIC) database as a stolen firearm.

12. I spoke with Steven Sanchez and further clarified a few items of information. The last time he had possession of his Smith & Wesson pistol was Sunday, November 1st, 2020, prior to leaving town for work. He had the pistol in a black backpack along with ammunition and a few knives. This backpack was located by US Probation Officers in the trunk of a vehicle parked in the garage of the residence and still contained the knives and ammunition.

13. S.S. also advised Deputy Salmons that another of his weapons was found to be missing and a pawn receipt was found by family members in SANCHEZ's vehicle. This pawn receipt showed that a Steven's brand, model 320, 12 gauge shotgun (serial#: 135236R) was pawned at Old Town Jewelry & Loan, located at 2020 Central Ave. SW, Albuquerque, NM 87104, on September 24th, 2020. The receipt showed that a S.R. pawned the firearm.

14. On November 10th, 2020, I met with S.R. and learned the following that she and SANCHEZ had been dating on and off for about five months. SANCHEZ asked her if she would be willing to pawn a firearm for him that had been given to him by his brother. SANCHEZ needed her to pawn the firearm because he did not have an ID. She believed this to be true as, because, during their previous encounters, she had rented them hotel rooms under her name for the same reason. S.R. also advised she had observed SANCHEZ to be in possession of a handgun on many of the occasions they had met.

15. On November 13th, 2020 I went to Old Town Jewelry & Loans and spoke with J.S. I provided him with the information that I had learned during the course of the investigation in connection with the pawned shotgun. J.S. advised he was aware of the situation because Deputy Salmons had placed a hold on the firearm the day he was contacted by S.S. I then examined the firearm and found it to be the property reported stolen by S.S. This firearm was seized as evidence.

16. I examined and conducted a test fire of the Steven's model 320 12 gauge Shotgun, with serial number 135236R, and believe it meets the federal definition of a "firearm."

**Prior Felony Convictions**

17. I have reviewed SANCHEZ' criminal history and court records noted he has at least thirty-three (31) prior arrests in New Mexico, which include the following felony convictions:

    a. Theft or Receipt of Stolen Mail (two Counts), Cause No. 1:16CR04565-002 JCH District of New Mexico, United States District Court, date of conviction: July 11th, 2017.

    b. Unauthorized Use/Theft of a Credit Card, Unlawful Taking of a Motor Vehicle (two counts), and Larceny (over $500), combined Cause Numbers D-1314-CR-2015-00318, D-

1314-CR-2015-00322, D-1314-2016-00072, and D-1314-CR-2016-00066, 13th Judicial District Court, Valencia County, New Mexico, date of conviction: May 25th, 2016.

    c. Receiving/Transferring a Stolen Motor Vehicle (two counts) and Resisting, Evading, Or Obstructing an Officer, Combined Cause Numbers D-202-CR-2016-1236, D-202-CR-2016-3429, and D-202-CR-2016-1300, 2nd Judicial District Court, Bernalillo County, New Mexico, date of conviction: October 16th, 2016.

### DNA Collection and Testing

18. The firearms and ammunition were transferred to FBI for testing. I intend to send those items to the FBI laboratory for DNA testing. I will request the laboratory compare any potential DNA found on the firearms or ammunition to the DNA of the Defendant.

19. Based on the details contained herein, I believe that probable cause exists that SANCHEZ committed the offense of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. As such, I would like to collect DNA samples from SANCHEZ to be used in the examination of the evidence collected in this matter.

20. As previously mentioned, SANCHEZ is currently at Cibola Detention Center on a probation violation.

### CONCLUSION

21. Based on the aforementioned information, I believe probable cause exists to collect DNA samples by buccal swabs pursuant to Rule 41 of the Federal Rules of Criminal Procedure. This affidavit was reviewed by Supervisory Assistant U.S. Attorney Jack Burkhead.

Respectfully submitted,

Benjamin Lankasky
Task Force Officer
FBI-Violent Crimes Task Force

SUBSCRIBED AND SWORN electronically Telephonically    November 12, 2020.

THE HONORABLE STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF NEW MEXICO